UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD SCHWEICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-1551-WTL-MJD |
| ) | 1:08-cr-132-WTL-TAB-23 |
| UNITED STATES OF AMERICA, ) | 1:10-cr-70-WTL-KPF |
| ) | |
| Respondent. ) | |

**ENTRY DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, DENYING REQUEST FOR EVIDENTIARY HEARING, AND DENYING CERTIFICATE OF APPEALABILITY**

This cause is before the Court on Petitioner Richard Schweich's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (dkt. no. 1). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. The Court also **DENIES** Schweich's request for an evidentiary hearing and finds that a certificate of appealability should not issue.

## I.   REQUEST FOR EVIDENTIARY HEARING

Because the motion, files, and records related to this matter conclusively show that Schweich is not entitled to relief, the Court **DENIES** Schweich's request for an evidentiary hearing. *See Bruce v. United States*, 476 F.3d 592, 597 (7th Cir. 2001).

## II.   BACKGROUND

On June 3, 2009, a grand jury sitting in the Southern District of Indiana returned a seventeen-count second superseding indictment charging a number of individuals, including Schweich, with a variety of crimes related to "the operation of a secured web-based bulletin

board that advertised and offered for distribution visual depictions of minors engaged in sexually explicit conduct." Second Superseding Indictment at ¶ 8. Schweich was charged with one count of conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d)(1)(A), one count of conspiracy to distribute child pornography in violation of 18 U.S.C. § 2252(a)(2), thirteen counts of advertising child pornography in violation of 18 U.S.C. § 2251(d)(1)(A), and two counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).

On June 15, 2010, Schweich pled guilty to all seventeen counts pursuant to a plea agreement with the Government.[1] Schweich also agreed to waive indictment and plead guilty to a one-count information from the Northern District of California alleging that he produced child pornography in violation of 18 U.S.C. § 2251(a).[2] With Schweich's consent and pursuant to Federal Rule of Criminal Procedure 20, the California information was transferred to the Southern District of Indiana.[3] During Schweich's change of plea, the court formally accepted transfer of the California information, conducted Schweich's initial appearance, and confirmed that Schweich agreed to waive his right to be indicted by a grand jury in the Northern District of California. Prior to the hearing, Schweich's counsel also negotiated with the Santa Clara County District Attorney's Office in California. In exchange for Schweich's pleas of guilty, the state of California agreed not to prosecute Schweich for kidnapping, molestation, and other crimes related to his abduction of the eleven-year-old girl in the photographs.

---

[1] The plea agreement was reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

[2] The information was filed in the Northern District of California on March 29, 2010. According to the charging document, Schweich "coerced an eleven-year-old minor to engage in sexually explicit conduct for the purpose of producing visual depictions." Information at 1. Schweich later admitted that, he "picked [the girl] up, took her to a hotel, convinced her to remove her clothing, and took pictures of her." Sentencing Tr. at 20.

[3] The second superseding indictment was filed against Schweich under cause number 1:08-cr-132-WTL-KPF-23. The information was assigned cause number 1:10-cr-70-WTL-KPF.

In addition to the foregoing, the plea agreement called for a term of imprisonment between twenty-five and thirty-five years, and included the following waiver of appeal clause:

> The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, he agrees that in the event the Court accepts this Plea Agreement under Rule 11(c)(1)(C) and sentences him accordingly to a term of imprisonment between twenty-five (25) and thirty-give (35) years, regardless of how the sentence is calculated by the Court, then he expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, he also expressly agrees not to contest his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255. This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the terms of the supervised release and the amount of any restitution, fine or forfeiture.

Plea Agreement at ¶ 14. There were no Sentencing Guideline stipulations in the plea agreement.

On November 18, 2010, the court accepted the plea agreement and Schweich's guilty pleas, and sentenced Schweich to 360 months (i.e., thirty years) in prison.[4] The sentence was above the guideline range,[5] but was consistent with the plea agreement and did not exceed the statutory maximum for the grouped charges.[6] Judgment was formally entered on November 30, 2010. Schweich did not appeal his conviction or sentence.

Schweich filed the instant motion for relief pursuant to 28 U.S.C. § 2255 on November 21, 2011.

---

[4] The court sentenced Schweich to 360 months on counts 1, 3, 4, and 7 through 17 of the second superseding indictment; 60 months on counts 2, 5, and 6 of the second superseding indictment; and 360 months on the one-count information. The sentences were applied concurrently.

[5] Based on a total offense level of 38 and a criminal history category of I, the relevant guideline range for imprisonment was 235-293 months.

[6] The term of imprisonment for each of counts 1, 3, 4 and 7 through 17 of the second superseding indictment and count 1 of the information was fifteen to thirty years. The term of imprisonment for each of counts 2, 5, and 6 was five to twenty years.

3

### III.     STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See, e.g., Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief pursuant to § 2255 if a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose . . ., or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow and limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

### IV.     DISCUSSION

Schweich argues that his conviction and sentence should be overturned because "he received ineffective assistance of counsel at nearly every critical stage of the [criminal] proceedings." Schweich's Suppl. Pl. at 3. The Government argues, however, that Schweich's motion should be denied because he waived his right to file a motion for relief pursuant to 28 U.S.C. § 2255.

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 680 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). "A voluntary and knowing waiver of an appeal is valid and must be enforced." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (quotations and citation omitted). However, a voluntary and knowing waiver will not be enforced in situations where "the sentence exceeds the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or

when counsel is ineffective in the negotiation of the plea agreement." *Id*. (citing *Keller*, 657 F.3d at 681); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because ineffective assistance of counsel challenge did not include issue of deficient negotiation of waiver, petitioner waived right to seek post-conviction relief); *Jones*, 167 F.3d at 1145 ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

Schweich does not argue that his sentence exceeded the statutory maximum or that the court relied on a constitutionally impermissible factor.[7] Rather, Schweich argues that his plea was not voluntary and that his counsel was ineffective. Thus, the Court must determine whether Scweich's waiver was made knowingly and voluntarily and whether Schweich received ineffective assistance of counsel with respect to the negotiation of the waiver and plea agreement. *See Mason*, 211 F.3d at 1069.

### A. Voluntary and Knowing Waiver

Schweich argues that his guilty plea was not knowing and voluntary because counsel "coerced him, threatened him and literally scared the hell out of [him] by telling him that the law says if he didn't plead and consent, that he'd have to be returned to California and indicted out there and face a life sentence for kidnapping under a new California law." Schweich's Reply at 8. Schweich also argues that he "unknowingly entered into the . . . plea agreement [because] he was not represented by counsel regarding" the California charge. *Id*. at 6. Schweich's arguments, however, are without merit.

---

[7]Schweich argues that the court sentenced him "above the guidelines with no findings or statement of reasons." Schweich's Suppl. Pl. at 15. However, a sentence in excess of the recommended sentence under the Sentencing Guidelines is no basis in itself for invalidating a waiver of appeal. *See Dowell*, 694 F.3d at 902.

5

First, the record clearly shows that Schweich was represented by counsel in relation to the California charge prior to his waiver of indictment and guilty plea. According to the docket related to the California charge, the information was filed on March 29, 2010. On April 12, 2010, both Schweich and his counsel signed the Rule 20 transfer consent form. The court received the Rule 20 filings from the Northern District of California and opened a new matter on May 6, 2010. Days later, on May 12, 2010, Schweich's counsel filed his notice of appearance in the new matter. Although the court did not formally appoint counsel to represent Schweich until his initial appearance on June 15, 2010, the record clearly shows that Schweich was represented by counsel long before he waived indictment and agreed to plead guilty to the California information. Thus, the plea agreement and waiver provision will not be set aside on these grounds.

Second, Schweich's responses to the court's questions during his change of plea hearing clearly show that his plea was made knowingly and voluntarily. During the change of plea hearing, the court placed Schweich under oath and asked him various questions regarding his competency, his rights, and the plea agreement. Thereafter, the court reviewed the charges in the second superseding indictment and the information, and explained the penalties for each crime. Schweich confirmed that he understood the charges against him and that he intended to plead guilty to each count. Schweich also acknowledged that he read and understood the plea agreement and that the plea agreement contained the terms on which he and the Government had agreed. In other words, Schweich acknowledged that he agreed to plead guilty in exchange for receiving a prison sentence between twenty-five and thirty-five years.

The court also noted the waiver of appeal clause and confirmed that Schweich intended to waive his right to appeal his conviction and sentence. Schweich further acknowledged that no

one threatened him or made any promises to him in order to influence his decision to plead guilty. The following colloquy also took place:

| | |
|---|---|
| The Court: | With respect to Mr. Dazey's representation of you, do you feel you've had sufficient time to talk with him and work with him to try to consider any options that you might have regarding this case? |
| The Defendant: | Yes, I do. |
| The Court: | Are you satisfied with his counsel, his representation and the advice that he's given you as your lawyer? |
| The Defendant: | Yes. |
| The Court: | Is there anything you wanted Mr. Dazey to do that he has failed to do? |
| The Defendant: | No. |

Sentencing Tr. at 61.

Based on this evidence, the court concluded that Schweich was "fully competent and capable of entering informed pleas" and that his "pleas of guilty [were] knowing and voluntary and did not result from any force, threats or promises, except those promises contained in the plea agreement." *Id*. at 66. There is no error in this conclusion by the court.

The foregoing record clearly shows that Schweich's waiver was knowing and voluntary. *See Mason*, 211 F.3d at 1069 (waiver was voluntary and knowing where record demonstrated that defendant "volunteered to cooperate and enter into an agreement with the government in order that he might possibly receive the benefit of a lighter sentence"); *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and

7

voluntarily entered into the agreement."). Schweich fully understood the plea agreement and the rights he agreed to relinquish. Thus, the waiver of appeal clause is valid and enforceable.[8]

### B. Ineffective Assistance of Counsel

As noted above, a valid and enforceable waiver will be set aside if the petitioner establishes that he received "ineffective assistance of counsel in connection with the negotiation of the plea agreement." *Keller*, 657 F.3d at 681. Generally, "to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)). In this case, Schweich fails to show that counsel's negotiation of the plea agreement was constitutionally deficient.

Schweich's motion "raises more than 40 grounds of ineffective assistance of counsel." Schweich's Reply at 1. Schweich further argues "that he pled guilty to counts . . . that would have been dismissed [had] his attorney . . . acted competently." Schweich's Reply at 11. Schweich's allegations, however, are almost entirely unsupported. More importantly, the allegations do not relate to counsel's *negotiation* of the plea agreement.

---

[8]Schweich also argues that the plea agreement is "void" because "the government conceded absolutely nothing," Schweich's Reply at 3, and that "[t]he plea agreement . . . was not a negotiated contract [because t]he government . . . wrote up a completely one-sided document . . . . and told Schweich's counsel to have Schweich sign it by a deadline date." *Id*. at 9. Schweich, however, provides no legitimate legal or factual basis for these arguments. Further, the evidence is clear that that the federal government and the state of California made several concessions. In exchange for pleading guilty, the federal government agreed not to bring any additional charges against Schweich. Further, after counsel negotiated with the Santa Clara County District Attorney's Office, the state of California agreed not to prosecute Schweich for his alleged abduction and molestation of the young girl in the photographs. Lastly, even Schweich acknowledged during the change of plea hearing that the plea agreement "amounted to a *bargain* between [him] and the government." Change of Plea Tr. at 51 (emphasis added).

Specifically, Schweich's motion states as follows:

Counsel failed to:

1) Contest jurisdiction of the Southern District of Indiana
2) Contest venue as a conflict of interest
3) Allege conflict of interest in his firm representing co-defendants
4) Challenge client being detained more than 200 miles away
5) Investigate sufficiency of the charging document and/or superseding indictment
6) Understand elements of crime
7) Challenge double jeopardy/multiplicity issues
8) Investigate [and] challenge circumstances of Speedy Trial Act violations
9) Move for competency test or have psychological evaluation
10) Hire an investigator
11) Review materials for discovery

Duties and obligations of defense counsel were totally neglected in that:

1) He had an established duty to investigate and prepare
2) Research [and] consultation with expert not done
3) He merely accepted government's version of events
4) Failed to know the law and gave wrong legal advice
5) Had duty to seek expert advice on the charges
6) Had duty to seek expert advice on medical issues

Plea process and plea invalid based on [ineffective assistance of counsel]:

1) Intelligent [and] voluntary waiver
2) Notice of criminal charge, failed to advise
3) Attorney has duty to know the law
4) Conspiracy not known by attorney
5) Mental illness defense, failure to advise
6) Element of intent not fully explained
7) No objection to time barred counts
8) Venue defense not discussed
9) Counsel didn't know facts of plea agreement
10) Advice of counsel was lacking or incorrect
11) Competency – Post Traumatic Stress [Disorder]
12) Coercion and threats induced plea
13) Counsel pressed plea to cover up poor preparation
14) Fee agreement not considered
15) Sentencing factors and criminal history
16) Contract law requires plea agreement to be fundamentally fair
17) Failed to challenge Rule 11 hearing

      Sentencing

          1) Factors which increase sentencing
          2) Standards of proof
          3) Performance of counsel practically non-existent
          4) Failed to present mitigation or hire expert
          5) Guidelines vs. plea agreement
          6) No objections to presentence report
          7) Failure to present Supreme Court precedent
          8) Failure and inaccurate advice on appeal
          9) Conditions of supervised release unchallenged

      Counsel also failed to investigate co-defendants['] backgrounds/culpability or hire attorney in California to investigate charges there.

Schweich's Mot. at 6-7.

      Schweich's reply and supplemental pleading touch on and attempt to explain several of the foregoing arguments. For the most part, the filings discuss counsel's failure to (1) investigate various issues of the case, (2) research the law, the Internet, computers, and bulletin boards, (3) understand the charges, (4) contest jurisdiction, (5) address double jeopardy issues, (6) move for a severance from the other defendants, (7) move for suppression of evidence, (8) order a competency/mental exam, (9) argue that Schweich's disposable cameras and hard drives were not "materials" that traveled through interstate commerce, (10) address Schweich's cooperation with the Government, and (11) object to conditions of supervised release. Again, however, none of these contentions speak to whether counsel's *negotiation* of the plea agreement was deficient.

      With that said, and construing Schweich's filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a document filed *pro se* must be liberally construed), Schweich appears to raise an issue regarding the range of imprisonment provided for in the plea agreement. Schweich argues in several of his filings that the plea agreement called for a sentence above the guideline range.

To the extent Schweich argues that counsel was ineffective in failing to negotiate a term of imprisonment within the guideline range, the Court will address that argument.

According to Schweich, he "would be hard pressed to locate an attorney . . . [who would] talk his client into an 11(c)(1)(C) plea agreement where the stated sentence results in a longer sentence than one figured using the advisory guidelines and factors in section 3553(a)." Schweich's Reply at 21. Although the plea agreement called for a prison sentence beyond the applicable guideline range (but within the statutory range), Schweich fails to show that counsel's negotiation of the plea agreement—and particularly counsel's negotiation of the term of imprisonment—was deficient.

First, and most importantly, Schweich's agreement to plead guilty goes beyond the offenses charged in the second superseding indictment and the information. In exchange for Schweich's guilty pleas in Indiana, the Santa Clara County District Attorney's Office agreed not to prosecute Schweich for his abduction and molestation of the eleven-year-old girl involved in the production of child pornography charge. Had he been charged and convicted of these and perhaps other crimes, he would have faced many more years in prison.

Second, regardless of what Schweich's counsel did or did not do, Schweich agreed to the term of imprisonment outlined in the plea agreement. At no time during his change of plea hearing or sentencing hearing did he express displeasure with the range of imprisonment. In fact, Schweich acknowledged during his change of plea hearing that he was satisfied with counsel's representation until that point. It was not until after Schweich was sentenced that he expressed unhappiness with counsel's performance.

Based on the foregoing, the Court concludes that counsel's failure to negotiate a sentence within the applicable guideline range was not constitutionally deficient. Further, Schweich fails

to show that he otherwise received ineffective assistance of counsel in connection with the negotiation of the plea agreement. Accordingly, the appellate waiver clause in the plea agreement is valid and must be enforced. Thus, Schweich's motion for relief pursuant to § 2255 is barred by the waiver provision.

## V.  CONCLUSION

For the foregoing reasons, Schweich's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED**.

## VI.  CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Schweich has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

SO ORDERED:  05/16/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

**Richard Schweich
13086-111
Marion U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Marion, IL 62959**

Copies to all counsel of record via electronic communication.