# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| RICHARD SCHWEICH, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cv-1551-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY ON MOTION FOR RELIEF FROM JUDGMENT

This cause is before the Court on Petitioner Richard Schweich's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (dkt. no. 22). The Court, being duly advised, **DENIES IN PART AND DISMISSES IN PART** the motion for the reasons set forth below.

On May 16, 2013, this Court denied Schweich's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court concluded that the waiver of appeal clause in his plea agreement was valid and enforceable and thus barred his motion for relief.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

> Often a prisoner will file a motion under Rule 60(b) . . . , that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such.

*Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). "If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it." *Id.*

Schweich appears to argue that he is entitled to relief under Rule 60(b) for the following reasons: (1) the Court applied the wrong standard to his ineffective assistance of counsel claims, (2) the waiver of appeal clause in his plea agreement was invalid because it did not specifically state that he also waived ineffective assistance of counsel claims, and the Court also did not advise him of this fact, and (3) his trial counsel committed a fraud on the Court when he told the Court that he had negotiated with the Santa Clara County District Attorney's Office regarding possible kidnapping charges against Schweich in California.

Schweich's first argument alleges that the Court made a mistake in denying his motion under § 2255. According to Schweich, the Court denied his § 2255 motion "due to his failure to <u>specifically</u> argue" that counsel's negotiation of the waiver provision in his plea agreement was deficient. Schweich's Mot. at 7 (emphasis in original). Citing the recent Seventh Circuit case *Hurlow v. United States*, 726 F.3d 958 (7th Cir. 2013), Schweich argues that "an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable." *Id.* at 965. While Schweich's recitation of the standard is correct, Schweich's argument is without merit. The Court applied the correct standard, i.e. the standard noted in *Hurlow*, to Schweich's ineffective assistance of counsel claims. *See* Entry Den. Mot. at 8 ("[A] valid and enforceable waiver will be set aside if the petitioner establishes that he received 'ineffective assistance of counsel in connection with the *negotiation of the plea agreement*.'") (citing *Keller v. United* States, 657 F.3d 675, 681 (7th Cir. 2011)) (emphasis added). The Court did not, as Schweich alleges, confine its analysis to counsel's negotiation of the waiver provision in the plea agreement. Thus, this portion of Schweich's Rule 60(b) motion is **DENIED**.

Schweich's second and third arguments, however, contain new claims challenging the legality of his detention. His original § 2255 motion did not allege that his appeal waiver was unenforceable because it lacked language regarding ineffective assistance of counsel claims or that his trial counsel committed a fraud on the Court concerning his negotiations with the Santa Clara County District Attorney's Office. Thus, this portion of Schweich's motion is actually a successive motion for relief under § 2255. Without authorization from the Seventh Circuit, this Court does not have jurisdiction to review these issues. Accordingly, this portion of Schweich's Rule 60(b) motion is **DISMISSED** for **LACK OF JURISDICTION**.

SO ORDERED: 05/30/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

**Richard Schweich**
**13086-111**
**Marion U.S. Penitentiary**
**Inmate Mail/Parcels**
**P.O. Box 1000**
**Marion, IL 62959**

Copies to all counsel of record via electronic communication.